W. T. GRANT CO. *v.* UNITED STATES

**No. 5812.**—Invoice dated Berlin, Germany, August 14, 1939.
Certified·August 23, 1939.
Entered at Los Angeles, Calif., September 30, 1939.
Entry No. 2930.

(Decided February 8, 1943)

*Sharretts & Hillis (Arthur L. Tallman* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General *(Daniel I. Auster,* special attorney), for the defendant.

COLE, Judge: This appeal to reappraisement brings for determination the proper dutiable value of certain Christmas-tree ornaments exported from Berlin, Germany, and imported at the port of Los Angeles, Calif.

The case was submitted for decision on December 30, 1942, on a stipulation wherein the parties agree that—

the glass Christmas tree ornaments on the invoice covered by the reappraisement appeal * * *, exported from Germany in August 1939, and the per se unit invoice prices therefor and the market conditions with respect thereto, are the same in all material respects as the glass Christmas tree ornaments, the per se unit invoice prices therefor and the market conditions with respect thereto, in the case of *F. W. Woolworth Co., et al.* v. *United States,* Reappraisement Decision 5094, * * *. the record in said R. D. 5094 may be and hereby is incorporated as a part of the record in the reappraisement * * *.

In the *Woolworth* case, *supra,* the question before the court was whether the cash prices of people in the Sonneberg-Lauscha district of Germany manufacturing Christmas-tree ornaments, cocktail sticks, and other glass novelties in their homes, represented the proper dutiable values of the merchandise; or whether higher prices charged by commissionaires or dealers was the proper basis for appraisement. The court found that the manufacturers' prices met all of the requirements of statutory value as defined in section 402 (c) and (d) of the Tariff Act of 1930, and accordingly held such values to be the proper ones for tariff purposes.

Acquiescing in the above agreement, the court finds that there existed for the Christmas-tree ornaments in question, at the time of exportation thereof, a foreign value and an export value as they are defined in said section 402, and accordingly holds that such values are the *per se* invoice prices, plus 3½ per centum social assessments, and plus, when not included in such, *per se* unit invoice prices, the costs of cases and packing and the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment

to the United States, as invoiced, whenever reported as dutiable by the appraiser.

The appeal, having been abandoned as to all other merchandise, is hereby dismissed so far as it relates thereto.

Judgment will be rendered accordingly.